```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Courtney Stone

    v.                                  Civil No. 11-cv-524-PB

American Home Mortgage
Servicing, Inc., et al.


### NOTICE OF RULING

    Re:  Document No. 23, Proposed Discovery Plan

1. <u>Electronic Discovery</u>

    The parties' proposed discovery plan (doc. no. 23) is approved.  However, the court orders the parties to file a supplement to the plan for the reasons explained below.

    The parties' statement regarding electronic discovery is inadequate.  Rule 26(f)(3)(C) requires that a plan "must" include the parties' views on electronic discovery "including the form or forms in which it should be produced . . . ."  The parties' proposed discovery plan includes nothing about any agreement(s) with respect to electronic discovery, stating instead that the parties "agree to work together to effectuate the mutual exchange of discoverable information stored in electronic mediums."  More is required under the rule.

    Accordingly, the parties are ordered to meet and confer and file, on or before November 21, 2012, a joint motion to supplement the discovery plan that outlines more specifically their plans/agreements with respect to electronic discovery.  The court refers the parties to the following outline of potential issues to discuss:

    A. Preservation. Counsel should attempt to agree on steps the parties will take to segregate and preserve ESI in order to avoid accusations of spoliation.

    B. E-mail Information. Counsel should attempt to agree on the scope of e-mail discovery and e-mail search protocol.

    C. Back-up and Archival Data. Counsel should attempt to agree on whether responsive back-up and archival data exists, the extent to which back-up and archival data is reasonably accessible, and who will bear the cost of obtaining such data.

    D. Format and Media. Counsel should attempt to agree on the format and media to be used in the production of ESI, and whether production of some or all ESI in paper form is agreeable in lieu of production in electronic format.

    E. Reasonably Accessible Information and Costs. Counsel should attempt to determine if any responsive ESI is not reasonably accessible, i.e., is accessible only by incurring undue burdens or costs.

    F. Privileged or Trial Preparation Materials. Counsel also should attempt to reach agreement regarding what will happen in the event privileged or trial preparation materials are inadvertently disclosed.  See Fed. R. Evid. 502.

2. Disclosure of claims against unnamed parties due on or before February 1, 2013.

3. Motions for Summary Judgment due on or before May 8, 2013.

4. Trial is scheduled for the two-week trial period beginning September 4, 2013.

    In light of the court's approval of the parties' proposed discovery plan subject to the aforementioned modifications, the pretrial conference currently scheduled to occur on November 7, 2012, is cancelled.

                                        _____
                                        Landya McCafferty
                                        United States Magistrate Judge

October 31, 2012

cc: Paula-Lee Chambers, Esq.
    Geoffrey M. Coan, Esq.
    John F. Skinner, III, Esq.